```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Jai Taal**

    **v.**                                          Case No.  05-cv-82-PB

**Hannaford Brothers, Inc.**


### O R D E R

The issue presented by Hannaford Brothers' motion for summary judgment is whether a Title VII plaintiff who has failed to notify the Equal Opportunity Commission ("EEOC") of a change in her address is excused from having to comply with the 90-day limitation period that governs such claims because the EEOC mailed her right-to-sue letter to the address listed in her complaint, rather than her current address.

### **FACTS**

Jai Taal filed her Title VII complaint with the New Hampshire Human Rights Commission ("NHHRC") on or about May 6,

2002.  The address she listed in her complaint was 611 Dunbarton Rd., Manchester, N.H.  The NHHRC closed its file on April 29, 2004 after a finding of no probable case and transferred the case to the EEOC.

Taal wrote to the EEOC to request a right-to-sue letter in September 2004.  Her letter listed her address as 55 Greenview Dr., Apt. 15, Manchester, N.H.  However, Taal did not notify the EEOC that her address had changed as is required by 29 C.F.R. § 1601.7.[1]  As a result, when the EEOC issued the right-to-sue letter on September 13, 2004, it sent the letter to the address listed in Taal's complaint rather than to her then-current address.

Taal first learned that the EEOC had issued a right-to-sue letter in December 2004 when she called the EEOC to inquire concerning the status of her request.  She ultimately received a copy of the letter on December 27, 2004.

Taal filed her complaint with this court on March 15, 2005, 184 days after the EEOC first issued its right to sue letter.

---

[1] Section 1601.7 states in pertinent part that "a claimant must provide the Commission with notice of any change in address . . . so that he or she can be located when necessary during the Commission's consideration of the charge."

**ANALYSIS**

Hannaford Brothers contends that Taal's complaint is untimely because she did not file it within 90 days of the "giving" of the right-to-sue letter by the EEOC as is required by 42 U.S.C. § 2000e-5(E)(1). Taal argues in response that the statute of limitations does not bar her claim because the EEOC mailed her right-to-sue letter to an incorrect address.

All appellate courts that have confronted the issue have held that a plaintiff is not entitled to relief from § 2000e-5(E)(1) based on the EEOC's failure to send the right-to-sue letter to the correct address if the plaintiff caused the errant mailing by failing to comply with the EEOC's change of address requirement. See, e.g., Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 384-85 (9th Cir. 1997); Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989); Banks v. Rockwell Int'l North Am. Aircraft Operations, 855 F.2d 324, 326-27 (6th Cir. 1988); St. Louis v. Alverno College, 744 F.2d 1314, 1316-17 (7th Cir. 1984); Harper v. Burgess, 701 F.2d 29, 30 (4th Cir. 1983); Lewis v. Conners Steel Co., 673 F.2d 1240, 1243 (11th Cir. 1982). I see no reason why this widely accepted rule should not apply in

this case.  As the Seventh Circuit has explained in rejecting an argument similar to the one that Taal makes, "[i]t is unreasonable to expect the EEOC to pour over its files and those of state administrative agencies in an effort to ascertain which of the addresses contained therein is correct."  <u>St. Louis v. Alero College</u>, 744 F.2d at 1216-17.  Because Taal failed to properly notify the EEOC that she had changed her address, she is not entitled to relief from § 2000e-5(E)(1) simply because the EEOC sent the right-to-sue letter to the address listed in her complaint, rather than to her current address.

Taal has failed to comply with Title VII's 90-day statute of limitations and her arguments for relief from the statute are unavailing.  Hannaford Brothers' motion for summary judgment (Doc. No. 8) is granted.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

July 8, 2005

cc:  Jai Taal, pro se
     William B. Pribis, Esq.