**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Jai Taal</u>

    v.                                            Civil No. 05-cv-082-PB

<u>Hannaford Brothers</u>

**O R D E R**

Plaintiff moves to compel production of documents and to compel the depositions of Hodge, Toner and Anderson. Contrary to the local rules the specific document requests at issue (if any) are not attached.

1. The gist of the first dispute is that plaintiff directed production to a post office box and defense counsel responded by offering examination and copying at his office. Plaintiff says she does not want to go review the documents but needs copies "right away." Fine. Defendant is to copy all documents produced, submit a bill for the copies (at <u>reasonable</u> commercial prices) to plaintiff and forward the documents upon payment.

2. Plaintiff seeks to depose Hodge, Toner and Anderson. Defendant objects that Hodge is the CEO, knows little and is being harassed. The other two are in-house lawyers. The problem

with defendant's position is that all three were listed on its Rule 26(a) disclosure.  They are fair game and once listed are subject to deposition.  Defendant must produce each of them.[1]

The motion (document no. 34) is granted as set forth.  The motion to strike (document no. 36) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 19, 2005

cc:   Jai Taal, *pro se*
      William B. Pribis, Esq.

---

[1] This order is not a license for plaintiff to abuse or harass witnesses nor is it a determination of any privilege claims.