UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Jai Taal**

    **v.**                                        Case No. 05-cv-82-PB

**Hannaford Bros. Co.**

MEMORANDUM AND ORDER

Pro se plaintiff Jai Taal alleges that her former employer, Hannaford Bros. Co. ("Hannaford"), engaged in acts of racial discrimination in violation of 42 U.S.C. § 1981. Hannaford moves for summary judgment, arguing that Taal's claims are either barred by the applicable statute of limitations or there is no evidence to support them. Taal objects and has filed her own motion for summary judgment. Because I agree with Hannaford, I grant its motion and deny Taal's motion.

I.   BACKGROUND

Taal, an African-American woman, was employed at a grocery store owned by Hannaford from 1995 to 2002. Compl. ¶ 1. Taal claims that during the course of her employment, Hannaford

discriminated against her on the basis of race by paying her on a different wage scale than other employees, not giving her cost-of-living adjustments, not giving her any training or career development opportunities, not nominating her to any committees (such as the "Culture Committee"), and giving her an unfair work load.  Id. ¶¶ 4-8.  She also claims that she was subjected to a hostile work environment.  In one instance, a co-worker allegedly placed a stuffed monkey at Taal's workstation and, after she complained, the department manager allegedly replaced the stuffed animal with a picture of herself dressed as a member of the Ku Klux Klan.  Id. ¶ 2.  Finally, Taal claims that an assistant manager retaliated against her by giving negative references to potential employers.  Id. ¶ 9.  Taal resigned from her position with Hannaford in March 2002.

Taal filed her complaint with this court on March 15, 2005, after the New Hampshire Human Rights Commission (NHHRC) made a finding of no probable cause and the Equal Employment Opportunity Commission (EEOC) issued a right-to-sue letter.  I dismissed Taal's Title VII claims because they were not timely filed.  See Order dated July 8, 2005 (Doc. No. 20).  Hannaford now moves for summary judgment on her § 1981 claims.

## II.   **STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In ruling on a motion for summary judgment, I construe the evidence in the light most favorable to the nonmovant. Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001).

The party moving for summary judgment "bears the initial responsibility of . . . identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the burden shifts to the adverse party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted."  Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996).  The "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . .

must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Evidence that is "merely colorable, or is not significantly probative" is insufficient to defeat summary judgment. Anderson, 477 U.S. at 249 (citations omitted).

### III.  ANALYSIS

#### A.  Disparate Treatment

I analyze Taal's disparate treatment claims by using the familiar burden-shifting framework first established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

> Under the McDonnell Douglas analysis, a plaintiff must establish a prima facie case, which in turn gives rise to an inference of discrimination. The employer then must state a legitimate, nondiscriminatory reason for its decision. If the employer can state such a reason, the inference of discrimination disappears and the plaintiff is required to show that the employer's stated reason is a pretext for discrimination.

Kosereis v. Rhode Island, 331 F.3d 207, 212 (1st Cir. 2003) (citations omitted). "The ultimate question in every employment discrimination case involving a claim of disparate treatment is

whether the plaintiff was the victim of intentional discrimination."  Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 153 (2000).

### 1. **Pay discrimination**

To establish a prima facie case of disparate treatment in terms of pay, Taal must show that: (1) she is a member of a protected class; (2) she performed her job in keeping with her employer's expectations; and (3) she was paid less than similarly situated employees who held the same position.  See Rathbun v. Autozone, Inc., 361 F.3d 62, 77 (1st Cir. 2004); Begovic v. Water Pik Techs., Inc., 2005 DNH 59, 2005 WL 768595, at *7 (D.N.H. April 6, 2005).  Taal alleges that she "and other African American employees [were] on a different wage scale and job description" and "made substantially less than other white employees, who performed the same if not less duties."  Compl. ¶ 4.  She also alleges that she "was never eligible" for the company's cost-of-living raises.  Id. ¶ 7.

Taal attempts to support her claims of disparate pay with a copy of her wage record, which shows that between December 15, 1995 and May 1, 1999, her hourly wage increased from $4.50 to $7.65.  Pl. Mot. Summ. J. Ex. 8.  Hannaford has provided further

documentation to show that as of May 2001, Taal was paid $8.45 per hour.  Def. Mot. Summ. J. Ex. G to Toner Aff.  This pay rate was consistent with the company's pay scale for part-time employees at that store location.  Def. Mot. Summ. J. Ex. B, Part 4.

    Despite the fact that her pay rate increased periodically throughout the course of her employment, Taal contends that other employees doing the same work made more than she did.  Pl. Mot. Summ. J. at 5.  However, she does not cite any specific examples of similarly situated employees who held the same position and received a higher wage.  Even assuming that Taal could establish a prima facie case of disparate treatment, Hannaford explains that any apparent wage discrepancies were due to the fact that the employees who were paid more either held different positions or worked full-time.[1]  Toner Aff. ¶ 10.

> Where, as here, the plaintiff in a disparate treatment
> race discrimination case offers comparative evidence in
> [her] quest to raise an inference of racial
> discrimination, [she] must provide a suitable
> provenance for the evidence by showing that others
> similarly situated to [her] in all relevant respects

---

[1] Because Hannaford uses different wage scales for full-time and part-time employees, a full-time employee holding the same position as Taal may have received a higher hourly wage.

were treated differently by the employer.
Conward v. Cambridge Sch. Comm., 171 F.3d 12, 20 (1st Cir. 1999).
Taal's attempt to compare herself with employees who do not closely resemble her in all relevant aspects is insufficient to meet her burden of showing that any wage discrepancies were the result of racial animus.  Thus, Hannaford is entitled to summary judgment on Taal's pay discrimination claim.

**2.   Failure to promote**

To prove her failure-to-promote claim, Taal must show that: (1) she is a member of a protected class who (2) was qualified for an open position for which she applied, but (3) was rejected (4) in favor of someone possessing similar qualifications.  See Rathbun, 361 F.3d at 71.  Taal concedes that she never applied for a promotion, but she claims that this was because Hannaford did not advertise openings for higher positions.  Pl. Obj. to Mot. Summ. J. at 3.  Nonetheless, she has not presented any evidence that she was denied a position in favor of someone who was similarly qualified.  Thus, she has not met her minimal burden of establishing a prima facie case of disparate treatment.

Likewise, to the extent that Taal claims she was treated differently from similarly situated employees in other respects,

including training and career development, her bare allegations do not suffice to establish a prima facie case of disparate treatment.  <u>See</u> Compl. ¶¶ 5, 6.

### 3. <u>Retaliation</u>

In her complaint, Taal alleged that an assistant manager retaliated against her by giving negative references to potential employers.  Compl. ¶ 9.  Although Hannaford did not address this claim directly in its motion, Hannaford sought summary judgment on all of Taal's § 1981 claims.  Hannaford's summary judgment materials reveal that the assistant manager remembers receiving a call from a potential employer and she directed the caller to contact Hannaford's headquarters in Scarborough, Maine, because she could not provide a reference at the store level.  Def. Mem. of Law in Supp. of Mot. Summ. J. Ex. B, Part 1, at 5.  Taal has not provided any evidence to contradict Hannaford's version of this incident.  Thus, I propose to grant summary judgment unless, within 10 days, Taal files supplemental material that comports with Rule 56 and demonstrates that a genuine factual dispute exists as to this claim.  <u>See</u> Fed. R. Civ P. 56.

**B.     Hostile work environment**

To prove her hostile work environment claim, Taal must show "that she was subjected to severe or pervasive harassment that materially altered the conditions of her employment."  Noviello v. City of Boston, 398 F.3d 76, 92 (1st Cir. 2005).  A § 1981 claim of hostile work environment is subject to the four-year statute of limitations under 28 U.S.C. § 1658.  Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382-83 (2004).  Thus, Taal's claim is time-barred if it is based solely on incidents that occurred more than four years before she filed her complaint on March 15, 2005.  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002).

On January 9, 2001, Taal sent a letter to Hannaford's Executive Vice President that described incidents in which co-workers allegedly placed a stuffed monkey at her workstation and referred to her as the "Black sheep" and the "Beans".[2]  A Human Resource Specialist investigated the incidents and, after receiving conflicting stories from other Hannaford employees,

---

[2] The "beans" comment allegedly derives from an incident in which Texaco's senior management referred to African-American employees as black jelly beans.

deemed the matter inconclusive.  Pl. Mot. Summ. J. Ex. 5.  In April 2001, Taal sent a letter to Hannaford's Director of Human Resources stating that she disagreed with some of the conclusions from the investigation.  Pl. Mot. Summ. J. Ex. 7.  She also stated, however, that "the harassment has stopped and, I now work in an acceptable environment."  Id.  The letter concluded: "To sum it up I am pleased that you ensured that I work in a harass-free [sic] environment."  Id.

Although Taal argues that Hannaford engaged in a "consistent continuous violation," she has not presented any evidence of harassing incidents that occurred after March 15, 2001.[3]  Pl. Obj. to Mot. Summ. J. at 4.  As a result, her hostile work environment claim is time-barred.

### IV.  CONCLUSION

Taal's Motion for Summary Judgment (Doc. No. 31) is denied.[4]

---

[3] According to the NHHRC's investigation, the incident in which a co-worker allegedly dressed as a Ku Klux Klansman occurred in February 2001.  Taal's Complaint does not mention any other specific incidents of harassment that occurred after she sent the January 2001 letter.

[4] Taal's request for summary judgment on the basis that Hannaford has not complied with discovery deadlines is denied

Hannaford's Motion for Summary Judgment (Doc. No. 38) is granted except as to Taal's retaliation claim, on which I will grant summary judgment if Taal does not provide, within 10 days, supplemental material that demonstrates that a genuine factual dispute exists as to this claim.

    SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

January 19, 2006

cc:  Jai Taal, *pro se*
    William B. Pribis, Esq.

---

because these issues have been addressed in the court's orders on the parties' motions to compel discovery.  Her request for oral argument (Doc. No. 48) is also denied because it will not assist in the resolution of the pending motions.  See LR 7.1(d).