```
                 UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Jai Taal**

    **v.**                                  Case No. 05-cv-82-PB

**Hannaford Bros. Co.**

### O R D E R

Pro se plaintiff Jai Taal alleges that her former employer, Hannaford Bros. Co. ("Hannaford"), engaged in acts of racial discrimination in violation of 42 U.S.C. § 1981.  On January 19, 2006, I granted Hannaford's motion for summary judgment on Taal's pay discrimination, failure to promote and hostile work environment claims.  I also stated that I would grant summary judgment on her retaliation claim if Taal did not provide, within 10 days, supplemental material that demonstrates a genuine factual dispute as to that claim.  Before me are Taal's Motion for Reconsideration of Summary Judgment (Doc. No. 54) and her motion to compel the production of wage records (Doc. No. 57).  I deny both motions for the reasons set forth below.

### A.   Retaliation Claim

In her complaint, Taal alleged that Jackie Wozmac, an assistant manager at the store, retaliated against her by giving a negative reference to a potential employer.[1]  Compl. ¶ 9. Hannaford contends that Wozmac told the employer to contact the store's headquarters in Scarborough, Maine, because she could not provide a reference at the store level.  Taal now claims that Wozmac told her that the employer wanted to know if Hannaford would hire Taal again and Wozmac "told them that she doubts it but they should call our corporate office to confirm this as they handle references."[2]  Mot. for Recons. at 9.  Although Taal has not named the potential employer, she claims that she was offered a position that was contingent on the employer "checking out" her references and that she did not hear back from the employer after

---

[1] According to Taal's Charge of Discrimination filed with the New Hampshire Human Right Commission, this incident occurred in May 2001.

[2] Taal did not submit an affidavit setting forth her version of this incident; however, her Motion for Reconsideration states "I declare under penalty of perjury that the foregoing information is correct to the best of my knowledge and belief." Mot. for Recons. at 14.  Although her motion was originally unsigned, she subsequently submitted a signed copy of the motion's signature page.

Wozmac was contacted.  Id. at 8-9.

In order to succeed on her retaliation claim, Taal must demonstrate a causal connection between protected activity and an adverse employment action.  See Kosereis v. Rhode Island, 331 F.3d 207, 217 (1st Cir. 2003).  Taal sent a letter to Hannaford's Executive Vice President on January 9, 2001, complaining of harassment and discrimination.  Donna Desilets, the District Human Resource Specialist, met with Taal and Debbie Hunt, the office manager and Taal's direct supervisor, during her investigation of Taal's complaints.  Mot. for Recons. Ex. 9 (Desilets email).  Desilets also spoke to Janice Yergeau, the store manager, but did not tell her that Taal had complained in order to protect Taal's confidentiality.  Id.  On April 16, 2001, Taal sent a letter to Hannaford's Director of Human Resources acknowledging that her complaints had been addressed.  Aff. of Lisa K. Toner ("Toner Aff.") Ex. E.

The record before me is devoid of any evidence linking Wozmac's allegedly unfavorable reference to Taal's complaint letter.  There is no evidence that Wozmac knew about the letter or Desilets' investigation when she spoke to the potential employer.  Taal sent the letter directly to Hannaford executives

in Maine and Desilets made an effort to keep Taal's complaints confidential by not revealing the letter's contents to the store manager.  Wozmac was an assistant manager at the store and there is no basis for inferring that Wozmac would have known about Taal's complaints when the store manager did not.

Taal also seeks to add a new claim that she was repeatedly disciplined in 2001 and 2002 in retaliation for her harassment complaints.  See Mot. for Recons. Ex. 5-8.  Taal was disciplined numerous times prior to sending her complaint letter; in fact, her letter mentions that she had been "written up" on several occasions.  Toner Aff. Ex. A at 2.  Taal has not presented any evidence, other than her own subjective beliefs and unsupported conclusions, that the disciplinary actions were unwarranted or resulted from her complaints of discrimination.  I thus conclude that Hannaford is entitled to summary judgment on her retaliation claim.

**B.    Reconsideration of Other Claims**

My consideration of Taal's motion on her other § 1981 claims is governed by Federal Rule of Civil Procedure 59(e).

> Rule 59(e) allows a party to direct the district
> court's attention to newly discovered material evidence
> or a manifest error of law or fact and enables the

-4-

> court to correct its own errors and thus avoid
> unnecessary appellate procedures.  The rule does not
> provide a vehicle for a party to undo its own
> procedural failures, and it certainly does not allow a
> party to introduce new evidence or advance arguments
> that could and should have been presented to the
> district court prior to the judgment.

Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997) (quotation omitted).

### 1. **Failure to promote**

Taal alleges that Hannaford promoted "less qualified" employees to positions that were never advertised.  Mot. for Recons. at 1.  Taal has not presented any admissible evidence to support this claim; instead, she asks me to draw inferences from Hannaford's inability to produce job postings for the alleged promotions.  Taal's allegations are insufficient to establish a prima facie case of disparate treatment based on failure to promote.  See Rathbun v. Autozone, Inc., 361 F.3d 62, 71 (1st Cir. 2004).

### 2. **Hostile work environment**

In my previous Order I concluded that Taal's hostile work environment claim is time barred because she failed to present any evidence of harassing incidents that occurred during the

-5-

limitations period.  Taal now argues that the following occurred after March 15, 2001: (1) Desilets's investigation was a conspiracy to cover up the stuffed monkey incident and retaliate against her;[3] (2) on August 15, 2001, a disgruntled customer made offensive, derogatory comments to her and Hannaford did not "protect [her] against such abuse;" and (3) the numerous incidents in which she was disciplined in 2001 and 2002 "made for an environment that was extremely hostile."  Mot. for Recons. at 11-13.

   To the extent that Taal relies on new allegations of harassment to support her claim, this evidence should have been presented with her earlier pleadings.  See Aybar, 118 F.3d at 16.  Even taking her new allegations into account, Taal has not demonstrated that she was subjected to "a workplace permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment."  Kosereis,

---

   [3] Desilets' email summarizing her investigation belies Taal's claim.  After recounting the office manager's recollections of the incident, Desilets concluded that "[t]he monkey issue was complex, with basically three versions of events, and so was deemed inconclusive."  Mot. for Recons. Ex. 9.

331 F.3d at 216. Accordingly, Taal's request for reconsideration of this claim is denied.

### 3. Pay discrimination

I concluded that Hannaford was entitled to summary judgment on Taal's pay discrimination claim because she did not provide any evidence that other employees were paid at a higher rate than she was for the same part-time position. Taal now alleges that five employees (Kim Hazen, Kathy Healy, Brooke Elliot, Cheryl Gauthier and Karen Demers) worked part-time in the same position and were paid on a higher wage scale. Mot. for Recons. at 5. She also claims that she was paid at a lower initial rate than five unnamed employees who were hired on the same day that she was hired. Id. at 7. Taal filed a motion to compel Hannaford to produce the wage records for all of these employees on February 8, 2006, after I granted summary judgment to Hannaford on this claim.

Taal's motion to compel comes too late. In her first set of interrogatories, Taal requested a copy of her own wage record as well as those of six other employees, only one of which Taal has named in her motion to compel. See Mot. for Recons. Ex. 2, Interrog. No. 20. Hannaford objected to providing the employees'

-7-

wage records for privacy reasons and instead produced copies of the company's wage scales. See id.  If Taal reasonably believed that the wage records might contradict Hannaford's sworn statement that the employees were paid in accordance with its wages scales, she could have filed a motion to obtain further discovery before the court rendered judgment on her pay discrimination claim.  As discussed above, a motion for reconsideration is not the proper method to obtain evidence that could have been discovered earlier.  Accordingly, I deny Taal's motion to compel and her request for reconsideration of this claim.

### IV. CONCLUSION

For the reasons set forth above, Taal's Motion for Reconsideration (Doc. No. 54) and Motion to Compel (Doc. No. 57) are denied.  Hannaford's Motion for Summary Judgment (Doc. No. 38) is granted as to all claims.  The clerk is instructed to enter judgment accordingly.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

February 17, 2006

-8-

cc: Jai Taal, *pro se*
    William B. Pribis, Esq.